**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VINCENT SCUOTTO and CAROL
SCUOTTO,

                Plaintiffs,

v.                                               Case No.  3:13-cv-1393-J-34JRK

LAKELAND TOURS, LLC, d/b/a
WORLDSTRIDES HERITAGE
PERFORMANCE, a Delaware limited
liability company, SMG, a Pennsylvania
general partnership, and SMG FOOD AND
BEVERAGE, LLC, d/b/a
SAVOR...JACKSONVILLE, a Delaware
limited liability company,

                Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court <u>sua sponte</u>.  Federal courts are courts of limited

jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.

<u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This

obligation exists regardless of whether the parties have challenged the existence of subject

matter jurisdiction.  <u>See</u> <u>University of South Ala. v. American Tobacco Co.</u>, 168 F.3d 405,

410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject

matter jurisdiction <u>sua sponte</u> whenever it may be lacking").  "In a given case, a federal

district court must have at least one of three types of subject matter jurisdiction: (1)

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On November 5, 2013, with the consent of the other Defendants, Defendant, Lakeland Tours, LLC (Lakeland), filed its Notice of Removal (Doc. No. 1; Notice), removing this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Northern District of Florida.  Because Lakeland mistakenly removed the instant matter to the Northern District, it filed an unopposed motion to transfer, which the Northern District granted, transferring the case to the Middle District of Florida.  See Defendant Lakeland Tours, LLC., d/b/a Worldstrides Heritage Performance's Unopposed Motion to Transfer Venue (Doc. No. 6); Order Transferring Case to the Middle District of Florida (Doc. No. 5).

In the Notice, Lakeland asserts that this Court has jurisdiction "pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the claim at issue exceeds $75,000, exclusive of interest and costs."  See Notice at 2.  In support of the assertion regarding diversity of citizenship, Lakeland declares that, "upon information and belief, Plaintiff is a Florida resident,"[1] Lakeland is a Delaware corporation with its principal place of business in Utah, Defendant SMG is "a Pennsylvania [c]orporation with its principal place of business in Pennsylvania," SMG Food and Beverage is "a Delaware [c]orporation and subsidiary of SMG with its principal place of business in California."  Notice at 1-2 (emphasis

---

[1]     Throughout the Notice, Lakeland refers to a singular "Plaintiff," although it initially noted that there were two Plaintiffs, Vincent and Carol Scuotto.  See Notice at 1-2.  It appears that Lakeland intended to assert that both Plaintiffs are Florida residents.

added).  Lakeland's declarations of citizenship, however, are deficient in establishing that diversity jurisdiction exists between the parties.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  University of South Ala., 168 F.3d at 412.  An unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right.  See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987) (recognizing that "[t]he Supreme Court has declined to depart from the common law rule that unincorporated associations are not juridical personalities to which diversity jurisdiction should be extended"); see also Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182, 184 (3d Cir. 2008); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam).  Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship."  Xaros, 820 F.2d at 1181; see also Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (concluding that "diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of all the members, the several persons composing such association, each of its members" (internal quotation marks and citations omitted); Swiger, 540 F.3d at 182; Rolling Greens MHP, L.P., 374 F.3d at 1021 (recognizing "the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization"); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and

unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted).

As a result, unlike a corporation, an unincorporated business association is not a citizen of any particular state, including the state under which it is organized or registered, unless one of its members or partners is a citizen of that state. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337, 1339 (11th Cir. 2002), abrogated, in part, on other grounds, Instituto De Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1348 (11th Cir. 2008); see also Chapman v. Barney, 129 U.S. 677, 681-82 (1889); Ennis v. Flowers Baking Co. of Bradenton, LLC, No. 6:07-cv-292-Orl-31JGG, 2007 WL 1068139, at *1 (M.D. Fla. Apr. 6, 2007).   Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. See Rolling Greens MHP, L.P., 374 F.3d at 1022; accord Carden, 494 U.S. at 192, 196 (finding that "an artificial entity, suing or being sued in its own name, can[not] invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members").   Additionally, each member must be diverse from all opposing parties.[2]  See Carden, 494 U.S. at 195-96; see also Swiger, 540 F.3d at 183-85.

A corporation, however, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Thus, to sufficiently allege the citizenship of a limited liability company or a general partnership, a party must list the citizenship of each of the members of the limited

---

[2]    In evaluating the citizenship of an artificial entity, a court will necessarily employ the guidelines for determining the citizenship of natural persons and corporations.  See Swiger, 540 F.3d at 184-85.

liability company or partnership, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business.  See Rolling Greens, 374 F.3d at 1022; 28 U.S.C. § 1332(c)(1).  Here, while the Notice states that Lakeland, SMG, and SMG Food and Beverage are either Delaware or Pennsylania corporations, Lakeland and SMG Food and Beverage are identified in the caption of the Complaint, Exhibit A to the Notice (Doc. No. 1-1) and in the Notice, as limited liability companies, and SMG is similarly identified as a general partnership.  Moreover, the Complaint alleges that Lakeland and SMG Food and Beverage are limited liability companies licensed to do business in Florida, and that SMG is a Pennsylvania general partnership licensed to do business in Florida. See Complaint at ¶¶ 3-5.  Thus, the Court has before it conflicting information concerning Defendants' legal status.  If Defendants are unincorporated entities, the Court has not been provided information regarding the citizenship of its members, as required to establish its citizenship.  If, however, Defendants are a corporations, Lakeland should confirm that the statements regarding citizenship in the Notice are correct.

Moreover, the Notice and Complaint identify Plaintiffs' states of residency, but not their citizenship.  See Notice at 2; Complaint at 1 (stating that Plaintiffs "are residents of Palm Beach County, Florida").  To establish diversity over a natural person, a party must allege the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Because the Notice and the Complaint disclose only the state in which Plaintiffs reside, rather than their domicile or state of citizenship, the Court finds that Lakeland has not alleged the facts necessary for the Court to determine that it has jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

Additionally, Lakeland fails to make the required showing as to the amount in controversy.  In the Complaint, Vincent Scuotto alleges that he was an invitee at a banquet dinner Defendants held at the Prime F. Osborn III Convention Center when he "slipped and fell on water or a similar looking liquid" and suffered "an acute fracture to his proximal left femur." Id. at ¶¶12, 19-20.  As a result of this incident, Vincent Scuotto seeks damages for bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, past and future loss of capacity for the enjoyment of life, aggravation of an existing injury, medical expenses, loss of earnings and earning capacity, and alleges that these injuries and damages are of a "permanent and continuing" nature. Id. at ¶¶27, 33, 39, 50, 61, 72.  Carol Scuotto also seeks past and future damages for loss of care, comfort and society of her husband, loss of enjoyment of his companionship, loss of personal services, and loss of consortium Id. at ¶75.  As to the amount in controversy, Plaintiffs state only that this is "an action in excess of this Court's minimum jurisdictional limits, to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of  interest and costs." Id. at ¶ 1.

In a removal case, "[w]here the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). In such a case, "'removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319)(alteration in Pretka); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). If "'not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); see also Sierminski, 216 F.3d at 949.

The Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752. However, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,]" reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing." Pretka, 608 F.3d at 754. Indeed, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Id. at 754. All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752 (quoting Williams, 269 F.3d at 1319).

Here, neither Plaintiffs nor Lakeland have offered any factual support for the proposition that the amount in controversy in this action exceeds the jurisdictional threshold. In the Notice, Lakeland states "[b]ased on the nature of the claims, and Plaintiff's pre-suit demands, Plaintiff seeks money damages in excess of the $75,000 jurisdictional amount." Notice at 2. However, Lakeland does not attach any pre-suit demand letters nor provide any other information to assist the Court in determining the amount in controversy. Thus, while Lakeland's allegation in the Notice indicates that the amount in controversy may potentially exceed $75,000, the Court finds that it does not demonstrate "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka, 608 F.3d at 752. "[W]ithout facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'– only through speculation– and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original)(quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). As the allegations in the Notice and Complaint do not, by a preponderance of the evidence, satisfy the jurisdictional amount in controversy, Lakeland has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.

In light of the foregoing, the Court will give Lakeland an opportunity to establish diversity of citizenship between the parties, to establish the requisite amount in controversy, and that this Court has jurisdiction over the action.[3] Accordingly, it is **ORDERED**:

---

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Defendant, Lakeland Tours, LLC, shall have until **December 10, 2013**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville Florida, this 19th day of November, 2013.

MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Counsel of Record