**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VINCENT SCUOTTO and CAROL
SCUOTTO,

                Plaintiffs,

v.                                            Case No. 3:13-cv-1393-J-34JRK

LAKELAND TOURS, LLC, d/b/a
WORLDSTRIDES HERITAGE
PERFORMANCE, a Delaware limited
liability company, SMG, a Pennsylvania
general partnership, and SMG FOOD AND
BEVERAGE, LLC, d/b/a
SAVOR...JACKSONVILLE, a Delaware
limited liability company,

                Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant Lakeland Tours, LLC's Brief on Diversity of the Parties and Amount in Controversy in Order to Establish this Court's Jurisdiction (Doc. No. 13; Brief), filed on December 6, 2013. On November 19, 2013, after reviewing Defendant Lakeland Tours, LLC's Notice of Removal (Doc. No. 1; Notice), the Court entered an Order (Doc. No. 9; Jurisdictional Order) noting that the Notice asserted that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 but that Defendant Lakeland had not properly established the citizenship of the parties or the amount in controversy. Therefore, in its Jurisdictional Order, the Court directed Defendant Lakeland to provide the Court with sufficient information so that it could determine whether it has

jurisdiction over this action. See Order at 8-9. Defendant Lakeland then filed its Brief to address the jurisdictional issues the Court raised.

In the Brief, Defendant Lakeland sufficiently alleges that Plaintiffs are Florida citizens. Brief at 3. As Plaintiffs are individuals,[1] this representation is sufficient to establish their citizenship. However, Defendant Lakeland also represents that it is a Delaware citizen because its sole member is Lakeland Finance LLC and Defendant Lakeland's "membership is exclusively of Delaware citizenship." Id. at 2. For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); see also Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011). Therefore, as explained in the Jurisdictional Order, to sufficiently allege the citizenship of a limited liability company, a plaintiff must allege the citizenship of each of the limited liability company's members. See Jurisdictional Order at 4 (citing Rolling Greens MHP, L.P., 374 F.3d at 1022); see also Mallory & Evans, 663 F.3d at 1305. In representing that Defendant Lakeland's sole member is Lakeland Finance LLC and Defendant Lakeland's "membership is exclusively of Delaware citizenship," Lakeland discloses neither the identities nor the nature of Lakeland Finance LLC's members. Without knowledge of the identity and citizenship of the members of Lakeland Finance LLC, the Court is unable to determine whether complete diversity exists

---

[1] To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

between Plaintiffs and Defendants. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace Defendant Lakeland's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Defendant Lakeland appears to have understood its obligation to disclose the nature and citizenship of the members of unincorporated entities as it provides sufficient information as to the citizenship of each of the members of Defendants SMG and SMG Food and Beverage, LLC. See Brief at 2-3. However, as discussed above, the Court finds Defendant Lakeland's representations as to its own citizenship to be insufficient to allow the Court to

satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks, 592 F.3d at 419, the Court will afford Defendant Lakeland another opportunity to provide the Court with sufficient information to establish its citizenship and this Court's diversity jurisdiction over the instant action.

Accordingly, it is **ORDERED**:

Defendant Lakeland Tours, LLC shall have until **December 30, 2013**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of December, 2013.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Counsel of Record