**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VINCENT SCUOTTO and
CAROL SCUOTTO,

                Plaintiffs,

v.                                                     Case No. 3:13-cv-1393-J-34JRK

LAKELAND TOURS, LLC, d/b/a
WORLDSTRIDES HERITAGE
PERFORMANCE, a Delaware limited
liability company, SMG, a Pennsylvania
general partnership, and SMG FOOD AND
BEVERAGE, LLC, d/b/a
SAVOR...JACKSONVILLE, a Delaware
limited liability company,

                Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant Lakeland Tours' Objections to Magistrate Judge's Order Dated December 24, 2014 (Doc. 40; Objections), filed on January 5, 2015. Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), and 28 U.S.C. § 636, Defendant Lakeland Tours, LLC, d/b/a WorldStrides Heritage Performance (WorldStrides) objects to the Order (Doc. 38; Order) signed by the Honorable James R. Klindt, United States Magistrate Judge, on December 24, 2014.[1] In the Order, Magistrate Judge Klindt granted Plaintiffs' Motion to Compel Production of Incident Report (Doc. 31; Motion to Compel), and directed WorldStrides to produce to Plaintiffs a copy of the incident

---

[1] The Order was entered on the Court's docket on December 28, 2014.

report completed on December 31, 2012 (the Incident Report).  See Order at 5. WorldStrides contends that the Magistrate Judge's Order is contrary to law and clearly erroneous and requests that this Court reverse the Order.  See Objections at 1-2.  Plaintiffs Vincent and Carol Scuotto (the Scuottos) responded to the Objections on January 13, 2015. See Plaintiffs' Response to Lakeland Tours' Objection to Magistrate Judge's Order Dated December 24, 2014 (Doc. 42; Response).  In support of its Objections, WorldStrides also filed a notice of supplemental authority.  See Defendant's Notice of Filing Supplemental Authority in Support of its Objections to Magistrate Judge's Order Dated December 24, 2014 (Doc. 46), filed February 13, 2015.

**I.      Standard of Review**

Inasmuch as the Magistrate Judge's December 24, 2014 Order on Plaintiffs' Motion to Compel does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in its Objections, WorldStrides must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law.  See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[3]  "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4]  Moreover, a magistrate judge is afforded broad

---

[3] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may
(continued...)

discretion in issuing nondispositive pretrial orders related to discovery such as the December 24, 2014 Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

## II. Background

The Scuottos' Motion to Compel concerns the Incident Report prepared by employees of WorldStrides within hours of the slip and fall accident giving rise to this lawsuit. See Motion to Compel at 1. In response to the Scuottos' discovery requests, WorldStrides identified the existence of the Incident Report but objected to its production, claiming work-product protection. See Motion to Compel at 3, Ex. B at 3. The Scuottos then filed the Motion to Compel seeking production of the Incident Report. Id. at 20. The Magistrate Judge determined that the Incident Report is not protected by the work-product doctrine, and that, even if it is, the Scuottos have demonstrated a substantial need for the information contained in the Incident Report. See Order at 2. As such, Judge Klindt ordered WorldStrides to produce the Incident Report. See Order at 5. Because the Magistrate

---

⁴(...continued)
invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

Judge's Order sets forth the background of this litigation, the facts underlying the Motion to Compel, and the relevant evidence, the Court will not further summarize the factual background here.

**III.    Discussion**

WorldStrides devotes a substantial majority of its Objections to arguing that the Magistrate Judge erred in determining that the Incident Report is not protected work-product. See Objections at 4-10. WorldStrides maintains that the Incident Report was prepared in anticipation of litigation and cites to non-binding authority where accident reports were found to be protected by the work product doctrine. See id. at 4-5 (citing, e.g., Alexander v. Carnival Corp., 238 F.R.D. 318, 318 (S.D. Fla. 2006)).  The Scuottos argue that the cases on which WorldStrides relies are distinguishable and assert that this case is most analogous to the facts of Bridgewater v. Carnival Corp., 286 F.R.D. 636 (S.D. Fla. 2011). See Response at 3-6. In Bridgewater, the court determined that two incident reports were not protected under the work-product doctrine because, in creating the reports, the defendant's strong business interest in conducting its operations in a safe and reliable manner was paramount to any concern over the possibility of a future lawsuit. See Bridgewater, 286 F.R.D. at 641-42.

Upon careful review, WorldStrides does not appear to object to the Magistrate Judge's recitation of the evidence, nor does WorldStrides contend that Judge Klindt applied the wrong legal standard. Rather, the crux of WorldStrides' argument is that, because some courts have found similar evidence to be persuasive, the Magistrate Judge erred in affording little weight to the statements of a litigation purpose in the affidavit of WorldStrides' Chief

Financial Officer. See Objections at 3, 5-7, 10. However, Judge Klindt was permitted to make his own assessment of this evidence in light of the facts of this case. Given the broad discretion afforded to Magistrate Judges on issues of discovery, it does not appear that Judge Klindt's assessment of WorldStrides' evidence was clearly erroneous or contrary to law.

Nonetheless, the Court need not decide the matter on this basis because Judge Klindt also reached an alternative finding. In his Order, Judge Klindt concluded that even if the Incident Report is work-product, WorldStrides must still produce the document because the Scuottos have shown a "substantial need for the information contained in the [Incident Report] and cannot, without undue hardship, obtain its substantial equivalent." See Order at 4. In its Objections, WorldStrides notes this finding, and merely objects that "Plaintiff [sic] has already had the opportunity to obtain, and has obtained, the substantial equivalent of the information sought through interrogatories propounded upon WorldStrides seeking exactly the same information." See Objections at 3-4. WorldStrides adds that the Scuottos also had the opportunity to depose several employees of both WorldStrides and Defendant SMG Food and Beverage, as well as a temporary staff member and two independent contractors. Id. at 4. However, the Magistrate Judge explained that the Scuottos have attempted to ascertain what happened on the day in question through depositions and interrogatories, but "Defendant has not provided all of the factual information contained in the incident report through either its responses to Plaintiffs' interrogatories or through depositions of its employees." See Order at 4-5. WorldStrides does not offer any specific argument or cite to any record evidence to dispute this finding.

Indeed, while the Scuottos have deposed several of the relevant witnesses, in light of memory lapses and inconsistent statements, it was not clearly erroneous or contrary to law for the Magistrate Judge to determine that the Scuottos have established a substantial need for, and an inability to otherwise obtain, the information in the Incident Report.  See Bryant v. Texler Trucking, No. 4:11-cv-2254-RBH, 2012 WL 162409, at *3 (D.S.C. Jan. 18, 2012); DeGiacomo v. Morrison, No. Civ. 02-310-M, 2003 WL 22871701, at *3 (D.N.H. Dec. 4, 2003); City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 10 (D. Mass. 2000) ("One such substantial need, for example, may be for statements taken from parties or witnesses at the time of an incident."); see also Rule 26(b)(3)(A)(ii), advisory comm. notes 1970 amend.  In light of the foregoing, it is

**ORDERED**:

Defendant Lakeland Tours' Objections to Magistrate Judge's Order Dated December 24, 2014 (Doc. 40) are **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of March, 2015.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record